1 | Bryan Schwartz (SBN 209903)
Hillary Jo Baker (SBN 265019)
2 | BRYAN SCHWARTZ LAW
180 Grand Avenue, Suite 1550
3 | Oakland, CA 94612
Tel.: 510-444-9300
4 | FAX: 510-444-9301
Email: Bryan@BryanSchwartzLaw.com
5 | Hillary@BryanSchwartzLaw.com

6 | Attorneys for Individual and Representative Plaintiffs

E-filing

FILED
2010 OCT -5 P 3 12
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
N. THERN DISTRICT OF CALIFORNIA

EMC

ORIGINAL

FAXED
FIRST LEGAL SUPPORT SERVICES

7 | **IN THE UNITED STATES DISTRICT COURT**
8 | **NORTHERN DISTRICT OF CALIFORNIA**

9 | Case No: **10 4508**

10 | **CLASS AND COLLECTIVE ACTION**

11 | **COMPLAINT FOR DAMAGES,
RESTITUTION AND INJUNCTIVE
RELIEF**

12 | MARY ANN ADLAO, and MARIAN
WILLIAMS, individually, on behalf of
13 | others similarly situated, and on behalf of
the general public,

**(1) Violation of Fair Labor Standards Act
29 U.S.C. Section 207**

14 | Plaintiffs,

**(2) Violation of California Labor Code
Sections 510, 1194, and 1198, and IWC
Wage Order(s)**

15 | vs.

16 | JPMORGAN CHASE & CO.,
JPMORGAN CHASE BANK, N.A., and
17 | EMC MORTGAGE CORP., as
successors in interest to BEAR
18 | STEARNS, INC., and ENCORE
CREDIT CORP., and Does 1-50,
19 | inclusive.

**(3) Failure to Provide Itemized Wage
Statements (California Labor Code
Section 226)**

**(4) Failure to Indemnify for Business
Expenses (California Labor Code §
2802)**

20 | Defendants.

**(5) Failure to Provide and/or Authorize
Meal and Rest Periods (California
21 | Labor Code 512, 226.7, and IWC Wage
Order(s))**

22 |

**(6) Violation of California Business and
23 | Professions Code Sections 17200, et seq.**

24 | **DEMAND FOR JURY TRIAL**

25 |
26 |
27 |
28 |

CLASS AND COLLECTIVE ACTION COMPLAINT

1       **PRELIMINARY STATEMENT**

2           1.      This is a collective and class action brought by Individual and Representative

3       Plaintiffs Mary Ann Adlao and Marian Williams on their own behalf and on behalf of the

4       proposed class identified below. Plaintiffs and the putative class members were or are employed

5       by Defendant JPMorgan Chase & Co., and certain Doe Defendants, or their predecessors-in-

6       interest, as Appraisers. As Appraisers, Plaintiffs and the putative class members are, were, or

7       should have been classified as covered, non-exempt employees under federal and state wage and

8       hour laws, and entitled to overtime pay consistent with the requirements of these laws. These

9       employees are similarly situated under the Federal Rules of Civil Procedure 23 and the Fair

10      Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

11          2.      The Collective Class is made of all persons who are or have been employed by

12      Defendants as an Appraiser, at any time within the United States within three years prior to this

13      action's filing date, through the date of final disposition of this action (the "Collective Class

14      Period").

15          3.      The California Class is made up of all persons who are or have been employed by

16      Defendants as an Appraiser in the State of California within the period four years prior to the

17      filing date of this Complaint (the "California Class Period").

18          4.      During the Collective Class Period and the California Class Periods, Defendants

19      failed to pay appropriate overtime compensation to each member of the Collective Class and

20      California Class as required by federal and state law. Plaintiffs seek relief for the California

21      Class pursuant to the applicable State Law, Rules, Regulations, and Wage Orders of the

22      Industrial Welfare Commission ("IWC"). Plaintiffs also seek relief for the Collective Class

23      under the Fair Labor Standards Act. All of the relief sought is to remedy the Defendants' failure

24      to pay appropriate overtime compensation, to provide or authorize meal and rest periods, to

25      indemnify Plaintiffs for necessary business expenses, and to maintain accurate time records, in

26      addition to injunctive relief.

27      **THE PARTIES**

28          5.      Individual and representative Plaintiff Mary Ann Adlao resides in San Ramon,

-2-

CLASS AND COLLECTIVE ACTION COMPLAINT

California (Contra Costa County). She has been employed by Defendants since 2003 as an Appraiser,[1] and has worked from her home in San Ramon for Defendants since 2008. Plaintiff Adlao brings her claim on behalf of herself and the Collective and California Classes. A written consent form for Plaintiff Adlao is attached as Exhibit A.

6. Individual and representative Plaintiff Marian Williams currently resides in Litchfield Park, Arizona. She has been employed by Defendants since approximately July 2006 as an Appraiser. Plaintiff Williams worked from approximately July 2006 to December 2008 in California. From December 2008 to the present, Plaintiff Williams has worked from her current home in Litchfield Park, Arizona. Plaintiff Williams brings her claim on behalf of herself and both the California Class for the period Ms. Williams worked in California and the Collective Class for the period Ms. Williams has worked in Arizona. A written consent form for Plaintiff Williams is attached as Exhibit B.

7. Upon information and belief, Defendant JP Morgan Chase & Co. is a Delaware Corporation doing business in and maintaining offices in several states throughout the United States, including California.

8. Upon information and belief, Defendant JPMorgan Chase Bank, N.A., is a wholly owned subsidiary of Defendant JPMorgan Chase & Co.

9. Upon information and belief, Defendant EMC Mortgage Corp. ("EMC") is a wholly owned subsidiary of JPMorgan Chase & Co. Upon information and belief, EMC is a Delaware Corporation doing business in and maintaining offices in several states throughout the United States, including California.

10. Upon information and belief, Defendants JP Morgan Chase & Co., JP Morgan Chase Bank, N.A, and EMC (collectively "Chase" or "Defendants") are successors in interest to Bear Stearns, Inc. Upon information and belief, Bear Stearns, Inc. was successor in interest to Encore Credit Corp.

11. Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true

[1] Upon information and belief, Defendants have changed the job title for the position Plaintiffs have held/continue to hold. At various times it has been referred to as, *inter alia*, "Appraisal Review Analyst," "Valuation Analyst," and "Senior Operations Associate." The position is referred to herein as "Appraiser."

1   names and capacities are unknown to Plaintiffs. When their true names and capacities are

2   ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

3   herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named

4   Defendants is responsible in some manner for the occurrences herein alleged, and that the

5   damages of Plaintiffs and the putative class members herein alleged were proximately caused by

6   such Defendants.

7       12.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants

8   herein was, at all times relevant to this action, the agent, employee, representative partner, and/or

9   joint venturer of the remaining Defendants and was acting within the course and scope of the

10  relationship. Plaintiffs are further informed, believe, and thereon allege that each of the

11  Defendants herein gave consent to, ratified and authorized the acts alleged herein to the

12  remaining Defendants.

13                                      **JURISDICTION AND VENUE**

14      13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case

15  is being brought under the FLSA, 29 U.S.C. § 207 *et seq*. Each representative Plaintiff has

16  signed a consent form to join this lawsuit, attached hereto as Exhibit A. This Court has original

17  jurisdiction over all the state and federal claims under the Class Action Fairness Act, 28 U.S.C.

18  §1332(d), because, upon information and belief, the amount in controversy exceeds

19  $5,000,000.00 and the parties are citizens of diverse jurisdictions. This Court also has

20  supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

21      14.    Venue is proper in the United States District Court, Northern District of California

22  pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the

23  claims occurred in this district by virtue of the work performed by Plaintiff Adlao.

24      15.    Pursuant to Civil L.R. 3-2 (c) and (d), this action is properly assigned to the

25  Northern District of California because a substantial portion of the events giving rise to this

26  dispute occurred in Contra Costa County, California.

27

28

-4-

CLASS AND COLLECTIVE ACTION COMPLAINT

1                           **COLLECTIVE ACTION ALLEGATIONS**

2        16.    Plaintiffs bring this action on behalf of themselves and other employees similarly

3    situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

4        **Collective Class:**    All persons who are or have been employed by Defendants as an

5    Appraiser, within the United States at any time three years prior to the filing of this Complaint,

6    to the final disposition of this case.

7        17.    Upon information and belief, Defendants suffered and permitted Plaintiffs and the

8    Collective Class to work more than forty hours per week without appropriate overtime

9    compensation.

10       18.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

11       19.    Upon information and belief, Defendants knew that Plaintiffs and the Collective

12   Class, performed work that required overtime pay. Defendants have operated under a scheme to

13   deprive these employees of appropriate overtime compensation by failing to properly

14   compensate them for all hours worked.

15       20.    Upon information and belief, Defendants misclassified Plaintiffs and members of

16   the Collective Class with the Job titles of Appraiser or with similar duties to persons with this

17   job title or any job title held by Plaintiffs as "exempt" from federal and state overtime laws,

18   Defendants misrepresented to these employees that they were "exempt" and therefore were not

19   entitled to overtime pay for hours worked in excess of forty a week.

20       21.    Upon information and belief, Defendants reclassified Appraisers in about late July

21   or early August 2010, without providing them full compensation for the period of time in which

22   they were misclassified.

23       22.    Plaintiffs are not learned professionals as defined by the Act.

24       23.    Plaintiffs' and the Collective Class members' primary duties consisted of routine

25   mental work, dictated by detailed guidelines enforced by Defendants. In essence, Plaintiffs and

26   the Collective Class members were required to follow a "checklist" for each appraisal they

27   reviewed.

28       24.    Plaintiffs' and the Collective Class members are subject to productivity

                                              -5-

1  requirements and are production workers, not administrators of Defendants' general business
2  operations or makers of Defendants' overarching policies.

3      25.    In particular, Appraisers are expected to evaluate each appraisal report under
4  Defendants' pre-established guidelines, within a set period of time for each appraisal, and issue a
5  yes or no decision regarding the accuracy of the report. They are trained only to apply
6  Defendants' pre-established guidelines and procedures as they find them. Defendants measure
7  the performance of Plaintiffs and other Appraisers by assessing their productivity and adherence
8  to Defendants' production quotas and other pre-established guidelines and procedures. Upon
9  information and belief, Appraisers occasionally were awarded performance-based bonuses for,
10 *inter alia*, meeting their production quotas. Plaintiffs are constantly threatened with discipline up
11 to and including termination if they fail to meet their production quotas. Plaintiffs' production
12 quotas frequently require work in excess of forty hours per week.

13     26.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith,
14 and has caused significant damages to Plaintiffs, and the Collective Class.

15     27.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs
16 and the Collective Class, and as such, notice should be sent to the Collective Class. There are
17 numerous similarly situated current and former employees of Defendants who have been denied
18 overtime pay in violation of the FLSA who would benefit from the issuance of a Court
19 supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those
20 similarly situated employees are known to Defendants and are readily identifiable through
21 Defendants' records.

22     **CALIFORNIA CLASS ALLEGATIONS**

23     28.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the
24 Federal Rules of Civil Procedure on behalf of the following defined class:

25     **Proposed California Class:** All employees of Defendants who were, are, or will
26     be employed in the State of California as an Appraiser at
27     any time within four years of the filing of this Complaint
28     until the final disposition of this case.

-6-

1    29.    Numerosity:    The Proposed Class is so numerous that joinder of all members is
2    impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the
3    relevant time period, Defendants employed dozens of people who are geographically dispersed
4    and who satisfy the definition of the Proposed Class.

5    30.    Typicality:    Plaintiffs' claims are typical of the members of the Proposed
6    Classes. Plaintiffs are informed and believe that, like other Appraisers, they routinely worked
7    more than eight hours per day and more than 40 hours per week during the Class Period.
8    Plaintiffs had the same duties and responsibilities as other Class members and were subject to
9    Defendants' policy and practice of improperly treating and classifying these employees as
10   "exempt" from federal and state overtime law, misrepresenting to these employees that they
11   were exempt from federal and state overtime law, improperly failing to pay appropriate overtime
12   compensation for all hours worked, failing to provide or authorize meal and rest breaks in
13   compliance with state laws, failing to maintain accurate time records of hours worked by the
14   Proposed Classes, failing to issue accurate itemized wage statements to these individuals, and
15   failing to indemnify these employees for routine business expenses.

16   31.    Superiority:    A class action is superior to other available methods of the fair and
17   efficient adjudication of the controversy, particularly in the context of wage and hour litigation
18   where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits
19   in federal court against large corporate defendants and fear retaliation. Prosecuting dozens of
20   identical, individual lawsuits statewide does not promote judicial efficiency or equity and
21   consistency in judicial results.

22   32.    Adequacy:    Plaintiffs will fairly and adequately protect the interests of the
23   Proposed Class, and has retained counsel experienced in complex wage and hour class and
24   collective action litigation.

25   33.    Commonality:  Common questions of law and fact exist to all members of the
26   Proposed Class and predominate over any questions solely affecting individual members of the
27   Proposed Class, including but not limited to:

28

-7-

CLASS AND COLLECTIVE ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | A. | Whether Defendants improperly classified Plaintiffs and members of the |
| 2 | | California Class with the job title of Appraiser as exempt; |

A. Whether Defendants improperly classified Plaintiffs and members of the California Class with the job title of Appraiser as exempt;

B. Whether Defendants unlawfully failed to fully pay appropriate overtime compensation to members of the California Class in violation of federal and state wage laws;

C. Whether Plaintiffs and California Class members who are no longer employed with Defendants are entitled to penalties for failure to timely pay wages upon termination of employment, pursuant to the applicable state laws;

D. Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with applicable state laws;

E. Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiffs and the Proposed Class in violation of FLSA, 29 U.S.C. § 201, *et seq*., and state wage laws;

F. Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the California Class pursuant to applicable state wage laws;

G. Whether Defendants paid Plaintiffs and California Class members for the full vacation time they earned, based, as promised, on their actual hours worked, including overtime hours;

H. The proper measure of damages sustained by the California Class; and

I. Whether Defendants' actions were "willful."

34. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

35. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

-8-

1  questions of law and fact common to the Proposed Classes predominate over any questions
2  affecting only individual members of the Proposed Class, and because a class action is superior
3  to other available methods for the fair and efficient adjudication of this litigation. Defendants'
4  common and uniform policies and practices denied the Proposed Classes the overtime pay to
5  which they are entitled. The damages suffered by the individual Proposed Class members are
6  small compared to the expense and burden of individual prosecution of this litigation. Proposed
7  Class members fear workplace retaliation and being "blackballed" from obtaining future
8  employment in the financial services industry. In addition, class certification is superior because
9  it will obviate the need for unduly duplicative litigation that might result in inconsistent
10  judgments about Defendants' practices.

11  36.  Plaintiff intends to send notice to all members of the Proposed Classes to the
12  extent required by Rule 23. The names and address of the Proposed Classes are available from
13  Defendants.

14  **FIRST CLAIM FOR RELIEF**

15  **Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**

16  **(On Behalf of Plaintiffs and the Collective Class)**

17  37.  Plaintiffs, on behalf of themselves and the collective class, allege and incorporate
18  by reference the allegations in the preceding paragraphs.

19  38.  Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. §
20  216(b). Plaintiffs' written consent forms are attached hereto as Exhibits A and B. Plaintiffs
21  anticipate that other individuals will continue to sign consent forms and join as plaintiffs.

22  39.  At all relevant times, Defendants have been, and continue to be, "employers"
23  engaged in interstate commerce and/or in the production of goods for commerce, within the
24  meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and
25  continue to employ employees, including Plaintiffs, and the Collective Class. At all relevant
26  times, upon information and belief, Defendants have had gross operating revenues in excess of
27  $500,000.00.

28  40.  The FLSA requires each covered employers such as Defendants to compensate all

-9-

1    non-exempt employees at a rate of not less than one and one-half times the regular rate of pay
2    for work performed in excess of forty hours per work week.

3        41.    During their employment with Defendants, within the applicable statute of
4    limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours
5    per workweek. Despite the hours worked by Plaintiffs and the Collective Class members,
6    Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards
7    Act, failed and refused to pay them the appropriate overtime compensation for all the hours
8    worked in excess of forty.

9        42.    By failing to accurately record, report, and/or preserve records of hours worked by
10   Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records
11   with respect to each of its employees sufficient to determine their wages, hours, and other
12   conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

13       43.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,
14   within the meaning of 29 U.S.C. § 255(a).

15       44.    Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the
16   amount of their respective unpaid overtime compensation, liquidated damages from three years
17   immediately preceding the filing of this action, plus interests and costs as allowed by law,
18   pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the
19   Court deems just and proper.

20       45.    Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their
21   attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C.
22   § 216(b).

23                            **SECOND CLAIM FOR RELIEF**

24        **Failure to Pay Overtime Compensation in Violation of California Law**

25                  **(On Behalf of Plaintiffs and the California Class)**

26       46.    Plaintiffs, on behalf of themselves and the California Class, allege and incorporate
27   by reference the allegations in the preceding paragraphs.

28       47.    At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and
                                          -10-

1  California Labor Code § 510 required employers, like Defendants, to pay overtime premium(s)
2  for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh
3  day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to
4  employ persons for hours longer than the hours set by the Industrial Welfare Commission
5  ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

6      48.    Plaintiffs are informed and believe, and thereon allege, that members of the Class
7  worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants
8  unlawfully failed to pay members of the Class the proper overtime compensation required in
9  violation of IWC Wage Order 4 (8 C.C.R. § 11040), and the California Labor Code §§ 510 and
10 1198. Pursuant to California Labor Code § 1194, the Plaintiffs and the other Class members are
11 entitled to recover their unpaid overtime compensation.

12     49.    As a direct and proximate result of Defendants' unlawful conduct, as set forth
13 herein, Plaintiffs and the Class have sustained damages, including loss of earnings for hours of
14 overtime worked on behalf of Defendants in an amount to be established at trial, plus damages,
15 interest, attorneys' fees and costs.

16                     **THIRD CLAIM FOR RELIEF**

17       **Failure to Provide Accurate Itemized Wage Statements**

18       **(On Behalf of Plaintiffs and the California Class)**

19     50.    Plaintiffs, on behalf of themselves and the California Class, allege and incorporate
20 by reference the allegations in the preceding paragraphs.

21     51.    California Labor Code § 226(a) provides that, at the time of each payment of
22 wages, an employer shall provide each employee with a wage statement itemizing, among other
23 things, the total hours worked by the employee in the pay period. California Labor Code
24 § 226(e) provides that an employee suffering injury as a result of a knowing and intentional
25 failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her
26 actual damages or a penalty of $50 for the initial pay period in which a violation occurs and
27 $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000),
28 in addition to attorneys fees and costs.

-11-

52.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiffs and the California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiffs and the California Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiffs and the California Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Additionally, pursuant to Code of Civil Procedure section 1021.5, Plaintiffs and the California Class are entitled to attorneys fees and costs. Pursuant to Labor Code section 226(g), are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

### FOURTH CLAIM FOR RELIEF

#### Failure to Indemnify for Business Expenses

#### (On Behalf Plaintiffs and the California Class)

53.     Plaintiffs, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

54.     California Labor Code § 2802(a) requires an employer to indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties[.]" California Labor Code § 2802(b) provides that all awards made under California Labor Code § 2802(a) shall "carry interest at the same rate as judgments in civil actions" and that interest "shall accrue from the date on which the employee incurred the necessary expenditure or loss."

55.     Defendants failed to indemnify Plaintiffs and the California Class for their necessary expenditures related to the cost of supplies necessary to complete their work, including, but not limited to peripheral computer equipment, telephone charges, Internet charges, postage and delivery charges, and office supplies.

56.     Plaintiffs and the Class Members are therefore entitled to full reimbursement for said expenditures and all other relief provided by California law, including but not limited to attorneys' fees and costs, , pursuant to Code of Civil Procedure section 1021.5, and injunctive

-12-

1  relief requiring Defendants to pay reimbursement to its employees for such routine business

2  expenses.

3  ## FIFTH CLAIM FOR RELIEF

4  ### Failure to Provide Rest Breaks and Meal Periods

5  ### (On Behalf Plaintiffs and the California Class)

6  57.    Plaintiffs, on behalf of themselves and the California Class, allege and incorporate

7  by reference the allegations in the proceeding paragraphs.

8  58.    California Labor Code § 512 prohibits an employer from employing an employee

9  for a work period of more than five hours per day without providing the employee with a meal

10  period of not less than 30 minutes, or for a work period of more than 10 hours per day without

11  providing the employee with a second meal period of not less than 30 minutes.

12  59.    Section 11 of Wage Order No. 4 provides (and at all times relevant hereto

13  provided) in relevant part that:

14

15  No employer shall employ any person for a work period of more than five (5)
hours without a meal period of not less than 30 minutes, except that when a work

16  period of not more than six (6) hours will complete the day's work the meal period
may be waived by mutual consent of the employer and the employee. Unless the

17  employee is relieved of all duty during a 30 minute meal period, the meal period
shall be considered an "on duty" meal period and counted as time worked. An "on

18  duty" meal period shall be permitted only when the nature of the work prevents an
employee from being relieved of all duty and when by written agreement between

19  the parties an on-the-job paid meal period is agreed to. The written agreement shall
state that the employee may, in writing, revoke the agreement at any time.

20  If an employer fails to provide an employee a meal period in accordance with the

21  applicable provisions of this order, the employer shall pay the employee one (1)
hour of pay at the employee's regular rate of compensation for each workday that

22  the meal period is not provided.

23  60.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto

24       provided) in relevant part that:

25

26  Every employer shall authorize and permit all employees to take rest periods,
which insofar as practicable shall be in the middle of each work period. The

27  authorized rest period time shall be based on the total hours worked daily at the
rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

28  However, a rest period need not be authorized for employees whose total daily

-13-

> work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

61. California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

62. Defendants failed to provide Plaintiffs and California Class members with meal periods as required by law, and failed to authorize and permit the Plaintiffs and California Class members to take rest periods as required by law.

63. Plaintiffs and the California Class members are therefore entitled to payment of the meal and rest period premiums as provided by law. Additionally, pursuant to Code of Civil Procedure section 1021.5, Plaintiffs and the California Class are entitled to attorneys fees and costs.

## SIXTH CLAIM FOR RELIEF

### Unfair Practice under the Unfair Competition Act

### (On Behalf Plaintiffs and the California Class)

64. Plaintiffs, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

65. Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq*.

66. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs and the California Class members are entitled to restitution of the overtime earnings, business expenses,

1    and other unpaid wages and premiums alleged herein that Defendants have improperly withheld

2    and retained during a period that commences four years prior to the filing of this action, a

3    permanent injunction requiring Defendants to pay overtime and meal/rest premiums to all

4    workers as defined herein, in California, an award of attorneys' fees pursuant to Code of Civil

5    Procedure section 1021.5, and other applicable law, and costs.

6                                    **PRAYER FOR RELIEF**

7         67.       WHEREFORE, Plaintiffs, on behalf of themselves and all members of the

8    Collective and California Classes, pray for relief as follows:

9              A.      That the Court determine that this action may proceed as a class action

10                     under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

11             B.      That Defendants are found to have violated the overtime, meal/rest period,

12                     itemized wage statement/time records, failure to indemnify, and failure to

13                     timely pay wages penalty provisions of the California wage laws cited

14                     above as to the California Class;

15             C.      That Defendants are found to have violated the overtime provisions of the

16                     Federal Fair Labor Standards Act as to Plaintiffs and the Collective Class;

17             D.      That Defendants are found to have violated the FLSA by failing to

18                     maintain accurate time records of all the hours worked by Plaintiffs and

19                     the Collective Class;

20             E.      That Defendants' violations as described above are found to be willful;

21             F.      An award to Plaintiffs and the California and Collective Classes for the

22                     amount of unpaid wages owed, liquidated damages and penalties where

23                     provided by state and federal law, and interest thereon, subject to proof at

24                     trial;

25             G.      That Defendants be ordered and enjoined to pay restitution to Plaintiffs

26                     and the California Class due to Defendants' unlawful activities, pursuant

27                     to California state law cited above;

28             H.      That Defendants further be enjoined to cease and desist from unlawful

                                              -15-

                    CLASS AND COLLECTIVE ACTION COMPLAINT

1    activities in violation of state laws cited above;

2    I.    That the Court grant declaratory relief stating that Defendants' scheme is

3          unlawful;

4    J.    For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C.

5          section 216 and/or other applicable state laws; and

6    K.    For such other and further relief, in law or equity, as this Court may deem

7          appropriate and just.

8                           **DEMAND FOR JURY TRIAL**

9    68.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs,

10   individually and on behalf of all others similarly situated, demand a trial by jury.

11

12   Dated: October 5, 2010                    BRYAN SCHWARTZ LAW

13
                                        By:
14                                               Bryan Schwartz
15                                               Hillary Jo Baker
                                                 ATTORNEYS FOR THE INDIVIDUAL
16                                               AND REPRESENTATIVE PLAINTIFFS
                                                 AND THE PUTATIVE CLASS
17

18

19

20

21

22

23

24

25

26

27

28
                                        -16-
                         CLASS AND COLLECTIVE ACTION COMPLAINT

# EXHIBIT A

1

## CONSENT FORM AND DECLARATION

2

3

4

     I hereby consent to join a lawsuit against JPMorgan Chase as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for JPMorgan Chase. During the past three years, there were occasions when I worked over 40 hours per week for JPMorgan Chase and did not receive overtime compensation.

5

6

     I worked for JPMorgan Chase as an (please check all that apply):
    ☑ Appraiser
    ☐ Other (Specify Title: _____)

7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

8

9

               _Mary C. Adlao_ _9/23/10_
               Signature        Date

10

11

               _Mary Ann Adlao_
               Print Name

12

13

14

**Fax or Mail To:**

15

**Hillary Jo Baker**

16

**Bryan Schwartz Law**
**180 Grand Avenue, Suite 1550**

17

**Oakland, CA 94612**
**FAX (510) 444-9301**

REDACTED

18

19

20

21

22

Emergency Contact
_work from home for IRVINE_

23

_San Ramon for CA_
Location(s) Worked (City/State)

24

25

26

27

28

CONSENT AND DECLARATION

# EXHIBIT B

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against JPMorgan Chase as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for JPMorgan Chase. During the past three years, there were occasions when I worked over 40 hours per week for JPMorgan Chase and did not receive overtime compensation.

I worked for JPMorgan Chase as an (please check all that apply):
- ☒ Appraiser
- ☐ Other (Specify Title: _____)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_Maria Williams_    9/29/2010
Signature          Date

MARIAN C. WILLIAMS
Print Name

**Fax or Mail To:**

Hillary Jo Baker
Bryan Schwartz Law
180 Grand Avenue, Suite 1550
Oakland, CA 94612
FAX (510) 444-9301

REDACTED

Emergency Contact

IRVINE, CA; LITCHFIELD PARK, AZ
Location(s) Worked (City/State)

CONSENT AND DECLARATION