UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARY ANN ADLAO, and MARIAN WILLIAMS, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>        Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., and EMC MORTGAGE CORP., as successors in interest to BEAR STEARNS, INC., and ENCORE CREDIT CORP., and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 4:10-cv-04508-SBA<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Plaintiffs' motion for preliminary approval of the class and collective action settlement came before this Court, the Honorable Saundra Brown Armstrong presiding, on December 6, 2011. David Borgen appeared as counsel on behalf of Plaintiffs and Eric Meckley appeared as counsel on behalf of Defendants. The Court, having considered the papers submitted in support of the motion as well as the Court's files and records in this matter, HEREBY ORDERS THE FOLLOWING:

1.  All defined terms contained in this Order shall have the same meaning as set forth in the Settlement Agreement executed by the Parties.

2.  The Court grants preliminary approval of the Settlement and the Settlement Class based upon the terms set forth in the Joint Stipulation and Settlement Agreement ("Settlement Agreement"), attached to the Declaration of Bryan Schwartz as Exhibit A. The Court finds on a preliminary basis that the proposed Settlement described in the Settlement Agreement (including the monetary provisions, the plan of allocation, the release of claims, and the proposed award of attorneys' fees and costs) falls within the "range of reasonableness" and therefore grants preliminary approval of the

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT - CASE NO.: 4:10-CV-04508-SBA

312119-1

Settlement. Based on a review of the papers submitted, the Court finds that the Settlement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims, is recommended by Class Counsel, and is thus presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement is non-collusive.

3. For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following Settlement Class: current and former employees of JPMorgan Chase ("JPMorgan Chase" means, collectively, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., JPMorgan Chase Bank, Chase Home Finance, LLC and EMC Mortgage Corporation) who worked as Chase Default Property Valuation Review Appraisers in the Home Lending Business Unit ("RAs") (regardless of specific job title/code): (a) in California between the period from October 5, 2006 through August 1, 2010, and (b) outside of California between the period from October 5, 2007 through August 1, 2010.

4. A final fairness hearing on the question of whether the proposed Settlement, attorneys' fees to Class Counsel, and the Class Representative's enhancement payments should be finally approved as fair, reasonable, and adequate as to the members of the Class is scheduled for Tuesday, May 1, 2012, at 1 p.m., in the Courtroom of the Honorable Saundra Brown Armstrong, Courtroom 1.

5. The Court approves, as to form and content, the Notice of a Class and Collective Action Settlement ("Notice") attached to the Settlement Agreement as Exhibit 1, and the Settlement Claim Certification And Consent to Join Settlement Form in substantially the form attached thereto as Form B. The Court approves the procedure for Class Members to participate in, to opt out of, and to object to the Settlement as set forth in the Settlement Agreement.

6. The Court directs the mailing of the notice and the claim form by first-class mail to the Class Members in accordance with the implementation schedule set forth below. The Court finds the time periods selected for the mailing and distribution of the notice and the claim form, as set forth in the implementation schedule, satisfy the notice requirements of Rule 23(e), adequately advise Class Members of their rights under this Settlement, meet the requirements of due process and provide the

1 best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. It is ordered that the Settlement Class is preliminarily certified for settlement purposes only. If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class and collective action certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class or collective in this action should be certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the JPMorgan Chase Releasees, or in this litigation if the Settlement is not finally approved.

8. The Court appoints Bryan Schwarz Law and Goldstein Demchak Baller Borgen & Dardarian as Class Counsel for purposes of settlement only. The Court finds that Plaintiff's counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

9. The Court appoints Epiq Systems, Inc., as the Claims Administrator. Promptly following the entry of this Order, the Claims Administrator will prepare final versions of the Class Notice and Settlement Claim Certification And Consent to Join Settlement Form, incorporating into them the relevant dates and deadlines set forth in this Order.

10. The Court appoints, for settlement purposes only, Plaintiffs Mary Ann Adlao and Marian Williams as Class Representatives.

11. The Parties are ordered to carry out and proceed with the Settlement according to the terms of the Settlement.

12. The Court orders the following implementation schedule for further proceedings:

| | |
|---|---|
| Defendant(s) provide list name and Last Known Address for each Class Member to the Claims Administrator. | 15 days after Court enters Preliminary Approval Order:<br><br>DATE: December 22, 2011 |
| Claims Administrator mails Notice Regarding Pendency of Class and Collective Action (and attached forms) to Class Members. | 15 days after receipt by Claims Administrator of list of Class Members from Defendant(s)<br><br>DATE: January 6, 2012 |

| | |
|---|---|
| Notice Response Deadline. | 60 days after mailing by Claims Administrator of Notice Regarding Pendency of Class and Collective Action<br><br>DATE: March 6, 2012 |
| Plaintiffs file Motion for Final Approval. | 35 days before Final Approval and Fairness Hearing<br><br>DATE: March 27, 2012 |
| Plaintiffs file Petition for Fees and Costs. | 25 days after mailing by Claims Administrator of Notice Regarding Pendency of Class and Collective Action<br><br>DATE: January 31, 2012 |
| Final Settlement Hearing. | Approximately 145 days after Court enters Preliminary Approval Order<br><br>DATE: May 1, 2012 |
| Distribution of payments to Participating Claimants, Class Representatives and Class Counsel (subject to Court approval). | Twenty-one (21) business days after the Effective Date. |

13. To the extent permitted by law, pending final determination as to whether the Settlement contained in the Settlement Agreement should be approved, any pending actions against the JPMorgan Chase Releasees, that assert any claims which fall within the definition of the Released State Law Claims and Released Federal Law Claims are stayed on an interim basis pending a final determination as to approval of the Settlement.

14. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order of Preliminary Approval shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement.

IT IS SO ORDERED.

Dated: December 7, 2011

*Saundra B. Armstrong*
THE HONORABLE SAUNDRA BROWN ARMSTRONG
United States District Court Judge