1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARY ANN ADLAO, and MARIAN WILLIAMS, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., and EMC MORTGAGE CORP., as successors in interest to BEAR STEARNS, INC. and ENCORE CREDIT CORP., and Does 1-50, inclusive<br><br>Defendants. | Case No. 10-cv-04508-SBA<br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT<br><br>Judge:       Hon. Saundra Brown Armstrong<br>Date:        May 1, 2012<br>Time:        1:00 p.m.<br>Location:   4th Floor, Courtroom 1<br><br>Complaint Filed:     October 5, 2010<br><br>No Trial Date Set |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement came before this Court on May 1, 2012. The proposed settlement in this case was preliminarily approved by this Court on December 8, 2011. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the Parties and has heard arguments presented by counsel at the hearing.

For the reasons cited herein, the Court hereby grants final approval of the Class Settlement based upon the terms set forth in the Preliminary Approval Order and the Joint Stipulation of Settlement ("Settlement" or "Settlement Agreement") filed by the parties. The Settlement appears to be fair, adequate, and reasonable to the Class.

1. Except as otherwise specified herein, for purposes of this Order, the Court adopts and incorporates by reference all defined terms set forth in the Settlement Agreement.

2. The Court finds that this action satisfies the requirements for class action settlement under Rule 23 and further finds that the Class has at all times been adequately represented by the Named Plaintiffs and Class Counsel.

3. The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for incentive payments to the Named Plaintiffs, and Class Counsel's motion for an award of attorneys' fees and costs.

4. The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

5. The Court has concluded that the Settlement, as set forth in the Settlement Agreement

executed by the Parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act 29 U.S.C. § 200 et. seq. The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $1,195,000 Settlement Fund established pursuant to the Settlement Agreement.

6.    Out of the identified Class Members who were notified, none have objected to any aspect of the proposed settlement. The reaction of the Class to the proposed settlement (with more than 76% settlement class members affirmatively opting into the settlement class) strongly supports the conclusion that the proposed Settlement is fair, reasonable, and adequate.

7.    As provided in the Settlement Agreement, all of the Released Federal Law Claims, and all of the Released State Law Claims, and all of the Class Representatives' Released Claims are and shall be deemed to be conclusively released as against the JPMorgan Chase Releasees.  As of the date of this Order, all Class Members who did not timely opt out/request exclusion are bound by this Order and Judgment, and the Settlement.  Except as to rights or claims that may be created by the Settlement, all Class Members as of the date of this Order who did not timely opt out are barred and enjoined from commencing or prosecuting any of the claims, either directly, collecting, representatively, or in any other capacity, that are released by the Settlement against any of the JPMorgan Chase Releasees.  This Order shall have the force and effect of res judicata as to each of Class Member who did not timely opt out of the Settlement.

8.    In accordance with the terms of the Settlement Agreement, the Released Federal Law Claims, the Released State Law Claims, and the Class Representatives' Released Claims, as described in the Settlement Agreement, shall be and hereby are dismissed on the merits with prejudice on a class-wide basis as to the Plaintiffs and all Class Members, except those who timely filed requests for exclusion (of which there are none).

9.      The Settlement is not an admission by the JPMorgan Chase Releasees nor is this Order a finding of the validity of any claim in the lawsuit or any wrongdoing by the the JPMorgan Chase Releasees.  Furthermore, the Settlement will not be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the JPMorgan Chase Releasees, including, but not limited to, evidence of a presumption, concession, indication or admission by the JPMorgan Chase Releasees of any liability, fault, wrongdoing, omission, concession or damage; nor (ii) disclosed, referred to or offered in evidence against the JPMorgan Chase Releasees, in any further proceeding in the lawsuit, or any other civil, criminal or administrative action or proceeding except for purposes of effecting the Settlement. However, the Settlement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Settlement, or to support a defense by the JPMorgan Chase Releasees of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, and any other applicable defenses.

10.     The Settlement is HEREBY APPROVED in its entirety.

11.     The Settlement Fund shall be dispersed in accordance with the Settlement Agreement as detailed in the Motion for Preliminary Approval of Class Action Settlement, granted on December 8, 2011.

12.     Representative Plaintiffs Mary Ann Adlao and Marian Williams are hereby awarded $5,000 each for their time and effort in pursuing this litigation.

13.     Plaintiffs' application for Attorneys' fees in the amount of $298,750, and litigation costs in the amount of $12,765.88 is hereby granted. See In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011).  Further, the Court approves $14,750 for the Settlement Administrator, Epiq Class Action and Claims Solutions, Inc.

14.     If the Settlement does not become final and effective in accordance with the terms of the Settlement, this Order and Judgment and all orders entered in connection herewith shall be vacated and shall have not further force or effect.

15. The Court hereby enters Judgment approving the terms of the Settlement. This document shall constitute a final judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

16. This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including jurisdiction regarding over the disbursement of the Settlement Fund.

Dated: May 1, 2012

_____
THE HONORABLE SAUNDRA BROWN ARMSTRONG
JUDGE OF THE UNITED STATES DISTRICT COURT

.